and McDermott v. Kilpatrick, 198 La. 1053, 5 So.2d 332.

The appeal is dismissed. All costs to be paid by plaintiffs-appellants.

83 So.2d 646

**STATE of Louisiana**

**v.**

**MARYLAND CASUALTY COMPANY.**

No. 42442.

Nov. 7, 1955.

Fred S. LeBlanc, Atty. Gen., Joel B. Dickinson, Asst. Atty. Gen., for appellant.

Cadwallader & Dameron, Baton Rouge, Mary Bird Perkins, Baton Rouge, of counsel, for appellee.

HAMITER, Justice.

The State of Louisiana instituted this suit against the Maryland Casualty Company, the surety on a bond furnished it by the North Baton Rouge Publishing Company, Inc., to recover $3,000 as liquidated damages for an alleged breach of contract.

In its petition plaintiff averred: "That the State of Louisiana through the Division of Administration on May 9, 1952, appointed the North Baton Rouge Publishing Company, Inc., a Louisiana corporation, domiciled in the City of Baton Rouge, Parish of East Baton Rouge, Louisiana, the 'Official Journal of the State' in accordance with the terms and provisions of Chapter I [should be Chapter II], Title 43, Section 81 of the Louisiana Revised Statutes of

1950, and entered into a contract with the said North Baton Rouge Publishing Company, Inc. for the printing of advertisements, public notices, proclamations and promulgations of all laws and joint resolutions of the Legislature, or the Executive or other Departments and Institutions of the State Government, * * *.

"That the Maryland Casualty Company, * * * executed bond in the sum of Three Thousand and No/100 ($3,000.00) Dollars * * * as surety for the North Baton Rouge Publishing Company, Inc. for the faithful performance of the contract hereinabove set out, all in accordance with the provisions of R.S. 43:81, and 43:84 * * *.

"That the contract between the State of Louisiana and the North Baton Rouge Publishing Company, Inc. was formally cancelled on November 23, 1953 by the Division of Administration of the State of Louisiana * * * and demand for payment of the bond * * * was made * * *.

"That under the provisions of Chapter I, Title 43, Section 26 of the Revised Statutes of 1950 the surety bond in the amount of Three Thousand and No/100 ($3,000.00) Dollars became due and payable by the surety as liquidated damages upon the failure of the North Baton Rouge Publishing Company, Inc. to comply with the terms of its contract * * *." (Brackets ours.)

A plea of prematurity tendered by the defendant was sustained and the suit dis-

missed. From this judgment plaintiff appealed.

In this court the defendant filed an exception of no cause of action. Since it appears to be meritorious we shall pretermit the question of the correctness of the trial court's ruling on the plea of prematurity.

The exception is predicated on plaintiff's failure to allege any actual damages resulting from the asserted breach of contract, the defendant pointing out that the statutory provisions under which the bond was specifically executed, LSA–R.S. 43:84, formerly Section 4 of Act 258 of 1944, contemplate only damages of that nature. These provisions are: "* * * All bids must be accompanied by a bond in favor of the governor, * * * in the sum of three thousand dollars, conditioned for the faithful performance of all duties devolving upon the contractor by law and payment of all damages which may result from neglect or delay. * * *"

In opposing the exception plaintiff argues that although such provisions originally (while contained in the 1944 statute) contemplated a surety bond covering only actual damages they were later carried into the Revised Statutes of 1950, as a part of Title 43 styled "Public Printing and Advertisements", and became superseded and governed by Section 26 (formerly a part of Act 412 of 1948) of the same Title which provides: "If any contract is not faithfully complied with, or the duties devolving by law upon the contractor for the

specified contract are not performed, the check or bond shall be forfeited to the state as liquidated damages. * * *"

But the argument of plaintiff overlooks the important factor that Section 26, relied on by it, is contained in Chapter I, of Title 43 which relates, as the heading and other provisions thereof indicate, to general state printing and office supplies; whereas, Section 84, pursuant to which the instant bond was given, appears in Chapter II, of such Title which pertains exclusively to the Official Journal of the State and is specifically styled "State Official Journal".

That the two sections in question were intended by the Legislature to be separate from and independent of each other is clearly shown by the fact that the original 1948 statute (it became the mentioned Chapter I of the Revised Statutes and contains Section 26) recited that "Act No. 258 of 1944 shall not be held to have been repealed or affected by this Act" (the 1944 statute, as aforesaid, was incorporated in the Revised Statutes as the discussed Chapter II that contains Section 84). Again, as the trial judge has appropriately stated in his written reasons for judgment, "It is significant that now by virtue of Act 127 of 1954 the Louisiana Legislature amended the provisions providing for the contract for the State Official Journal, so that in the present law [LSA–]R.S. 43:88 provision is made for the exaction of liquidated damages for the failure of the contractor to comply with its undertaking with the State to

perform the duties falling upon it as contractor for the printing of the Official Journal of the State."

It follows that since LSA–R.S. 43:26 is inapplicable to the bond involved herein and plaintiff has failed to allege the sustaining of actual damages the petition does not state a cause of action.

For the reasons assigned the exception of no cause of action is maintained and the judgment of the district court dismissing plaintiff's suit is affirmed.